Opinión disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez.
Disiento de la decisión que la mayoría emite en este caso, puesto que la doctrina de academicidad, como canon de autolimitación judicial, nos impide considerar sus méritos. A mi juicio, la mayoría de este Tribunal traza un curso decisorio que incursiona en el ámbito proscrito de la opinión consultiva.
El desarrollo de este caso a nivel apelativo y la decisión que hoy anunciamos en el caso San Gerónimo Caribe Project v. E.L.A. I, 174 D.P.R. 518 (2008), revelan que no existe una controversia genuina que nos permita expresar criterio sobre la validez de las actuaciones de la Administración de Reglamentos y Permisos (ARPe) al paralizar los permisos de construcción expedidos a San Gerónimo Caribe Project. Como veremos, los eventos posteriores a la presentación del recurso que nos ocupa han dispuesto de esta controversia, por lo que nos enfrentamos a un caso académico que está fuera del ámbito de nuestra revisión judicial. Explico.
I
La doctrina de justiciabilidad delimita el ámbito de la intervención de los tribunales y determina cuándo y según qué circunstancias los tribunales deben intervenir en un asunto presentado ante su consideración. A su vez, la norma de academicidad forma parte del concepto justiciabilidad. *681 Un caso es académico cuando no encierra una controversia real o cuando la sentencia que pueda dictarse no tendrá efecto práctico sobre las partes. E.L.A. v. Aguayo, 80 D.P.R. 552, 584 (1958). Ausente el elemento de adversidad y en defecto de una controversia real, hemos determinado que los tribunales se deben abstener de considerar un caso en los méritos. Id.; El Vocero v. Junta de Planificación, 121 D.P.R. 115, 124-125 (1988).
En su esencia, la doctrina de academicidad valida e instrumenta la prohibición de emitir opiniones consultivas. Así, una expresión judicial en el contexto de un caso académico irrumpe en el ámbito de una opinión consultiva, puesto que los tribunales están llamados a resolver controversias reales entre partes adversas.
Hemos definido la “opinión consultiva” como “la ponencia legal emitida por un tribunal cuando no tiene ante sí un caso o una controversia justiciable, y cuyo resultado ... no es obligatorio”. (Enfasis en el original.) Ortiz v. Panel F.E.I., 155 D.P.R. 219, 251 (2001). Este principio, además, evita que los tribunales suscriban decisiones especulativas, puesto que no es la función de los foros judiciales actuar como asesores o consejeros. Id.; Com. de la Mujer v. Srio. de Justicia, 109 D.P.R. 715, 721 (1980).
II
Como asunto prioritario, es importante advertir que la peticionaria, San Gerónimo Caribe Project, inicialmente invocó la jurisdicción de este Tribunal para impugnar la orden de paralización emitida por ARPe el 27 de diciembre de 2007. Esta orden tenía una vigencia de sesenta días. Presentado el recurso ante este foro, ARPe extendió la paralización por un término adicional de sesenta días. El 28 de febrero de 2008, dejamos sin efecto la orden de extensión de la paralización de los permisos de construcción otorgados a San Gerónimo Caribe Project. Véase Resolución de 28 de febrero de 2008, en San Gerónimo Caribe Project v. A.R.Pe., 173 D.P.R. 241 (2008). Indicamos que ARPe contravino el *682 estado de derecho vigente al extender por sesenta días adicionales la orden de paralización, puesto que para esa fecha el Tribunal de Primera Instancia había decretado que los terrenos en los que ubica el proyecto conocido como Paseo Caribe no eran de dominio público. Id.
En primer lugar, en vista de que la orden de paralización era de carácter temporero, no hay duda de que adviene académico expresar criterios en este caso. En este respecto, la mayoría aduce que el 28 de febrero de 2008 sólo paralizamos la orden de extensión de la paralización decretada por ARPe y que, por lo tanto, se justifica atender este recurso para revocarla. Como indiqué, en dicha fecha dejamos sin efecto la orden de paralización que sólo tenía una vigencia de sesenta días. Al momento, entonces, la or-den no surte efecto alguno. En vista de ello, es errada la argumentación de la mayoría que pretende defender la pervivencia del carácter justiciable del caso, a pesar de que la orden ya no está vigente. Contrario a lo que aduce la mayoría, nuestra resolución de 28 de febrero de 2008 no constituye un injunction permanente. Entiendo, por el contrario, que el hecho que la orden de paralización ya venció, en unión a nuestras expresiones en la resolución de 28 de febrero, denotan que actualmente es inadecuado atender este recurso, so pretexto de invalidar la orden.
De suyo, el hecho que la orden de paralización dictada por ARPe el 28 de febrero de 2008 venció, justifica desestimar este caso por académico. Empero, soy del criterio, además, que la solución judicial que hoy anunciamos en el caso San Gerónimo Caribe Project v. E.L.A. I, supra, sobre la titularidad de los terrenos en los donde ubica el proyecto Paseo Caribe, también dispone del recurso en el que se impugna la paralización de los permisos de construcción a base de la controversia sobre la titularidad de los terrenos. Como bien reconoce la mayoría, ARPe decretó la paralización de los permisos debido a que la Opinión del Secretario de Justicia de 11 de diciembre de 2007 levantó una duda sustancial sobre la titularidad de los terrenos. Por lo tanto, *683 ARPe suspendió los permisos y paralizó las obras mientras se dilucidaba la controversia de titularidad en los tribunales. Es indudable entonces, que la decisión que hoy anunciamos de que los terrenos en controversia no son de dominio público, anula la justificación jurídica utilizada por ARPe para paralizar los permisos de construcción.
El hecho de que en el futuro, ARPe tenga la potestad de revisar los permisos otorgados a San Gerónimo Caribe Project a base de error o fraude, no legitima las expresiones de la mayoría, ya que este recurso no trata sobre dicho asunto. Como indiqué, en este caso se impugnó la facultad de ARPe de intervenir con los permisos de San Gerónimo Caribe Project a base de la duda sobre la titularidad. Además, como bien se deduce del alegato de la parte peticionaria, ésta no cuestionó la facultad de ARPe de revocar sus permisos por error o fraude en su concesión. Su contención se centró en la falta de jurisdicción de la agencia sobre la titularidad de los terrenos. Alegato de la peticionaria, Caso Núm. CC-2008-132, pág. 14. Por ello, nuestra determinación sobre la titularidad necesariamente invalida los fundamentos utilizados por ARPe para emitir la orden de paralización y dispone de los asuntos aquí planteados.
De igual modo, carece de mérito el argumento de la mayoría a los efectos de que es necesario revocar la sentencia del Tribunal de Apelaciones, puesto que según ésta, ARPe podría investigar si medió fraude o error en la concesión de los permisos. Basta con recordar que hemos resuelto hoy la controversia sobre la titularidad de los terrenos donde ubica el proyecto Paseo Caribe. Fundamento, como sabemos, que dio base al procedimiento administrativo ante ARPe. Por lo tanto, nuestra determinación en el caso San Gerónimo Caribe Project v. E.L.A. I, supra, elimina los fundamentos jurídicos por los cuales ARPe inició el procedimiento administrativo que dio pie a la determinación del Tribunal de Apelaciones. Por ello, cualquier decisión futura de ARPe para realizar un procedimiento de revocación de *684 permisos por fraude u error, estaría desvinculada del procedimiento que se impugna en este recurso y dicha actuación estaría sujeta a un nuevo proceso de revisión judicial.
En segundo lugar, la mayoría justifica la ausencia de academicidad en el hecho que la Opinión del Secretario de Justicia demuestra que dicho departamento ejecutivo conduce una investigación mucho más amplia sobre el procedimiento de concesión de permisos en el proyecto Paseo Caribe y que ello no se limita al asunto de la titularidad. Por lo tanto, reclaman un deber de proteger a San Gerónimo Caribe Project de procedimientos administrativos ulteriores que se puedan iniciar ante ARPe o ante otras agencias.
Aduce la mayoría que una vez el Secretario de Justicia finalice su investigación, podría hacer nuevas recomendaciones, y que agencias como ARPe pueden iniciar nuevos procedimientos administrativos. Este razonamiento descansa en una serie de suposiciones y especulaciones que denotan el carácter consultivo de las expresiones que la mayoría emite hoy. Evidentemente, es insostenible que la mayoría rechace el planteamiento de academicidad por el fundamento de que la peticionaria podría estar expuesta a procedimientos administrativos ulteriores desvinculados a la titularidad de los terrenos en los que ubica el proyecto Paseo Caribe. Máxime cuando ARPe utilizó la controversia sobre la titularidad como justificación para emitir la orden que se nos solicita revisar en este recurso. Adviértase que en este recurso tenemos ante nuestra consideración una actuación concreta de ARPe, es decir, la orden de paralización que se predicó en una duda sobre si la peticionaria es dueña de los terrenos en los que construye el proyecto Paseo Caribe. Por lo tanto, no tenemos jurisdicción para pasar juicio sobre actuaciones futuras que ARPe podría tomar y que, además, estarían desvinculadas de los límites de la orden de paralización dictada el 27 de diciembre de 2007 y que se extendió el 25 de febrero de 2008.
*685 El razonamiento hipotético de la mayoría ignora, además, que bajo el palio de sus reglamentos, ARPe posee jurisdicción para revisar la validez de los permisos otorgados. Por lo tanto, la posibilidad de que se reevalúen los permisos en el futuro, por fundamentos que al momento desconocemos, no legitima expresamos sobre una actuación concreta que ya la agencia realizó. Si ello ocurre, las partes podrán agotar todos los remedios judiciales que tienen a su disposición incluyendo, acudir en su día ante este Tribunal.
Por otro lado, es inaceptable que la mayoría utilice este recurso para pasar juicio sobre la política pública expresada por el Secretario de Justicia en su opinión o sobre la naturaleza de las opiniones del Secretario de Justicia y su efecto vinculante con las agencias del gobierno central; tampoco, sobre las actuaciones que diversas agencias administrativas podrían emprender al amparo de sus poderes delegados. Independientemente del peso jurídico de dicha opinión y su obligatoriedad, es un error concluir que este caso es justiciable debido a las acciones que ARPe pueda tomar en el futuro. De igual forma, no es nuestro lugar emitir directrices que puedan incidir sobre una investigación que el Departamento de Justicia pueda estar realizando, cuando no está ante nuestra consideración la validez de esa investigación. No debemos, en nuestro celo, opinar para eviscerar las prerrogativas del Secretario de Justicia, aun cuando estimemos que sus actuaciones son claramente desatinadas. Esta justificación, por lo tanto, es el perfecto ejemplo de lo que hemos denominado como una opinión consultiva.
En fin, los eventos ocurridos en el trámite de este recurso dispusieron de su controversia inicial. Ante ello, las expresiones de la mayoría no cambian el estado del caso y carecen de todo efecto sobre las partes y sobre el asunto planteado. Disipada la duda sobre la titularidad de los terrenos en los que la peticionaria construye y habida cuenta de que dicha orden venció por sus propios términos, no *686 sobrevive ninguna controversia capaz de ser atendida por este Foro. Por lo tanto, las determinaciones de la mayoría constituyen una opinión consultiva que no tendrá efecto ninguno en este caso.
Por lo anterior, desestimaría por académico este recurso.